UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jason Scott Gens,

          Plaintiff,

v.

Portfolio Recovery Associates, LLC,

          Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises out of Defendant Portfolio Recovery Associates, LLC ("Defendant")'s violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the discharge provisions of the Bankruptcy Code, 11 U.S.C. § 524. Plaintiff seeks actual damages, statutory damages, costs and attorneys' fees.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to Plaintiff's claims occurred in this district.

4. Defendant is subject to the Court's personal jurisdiction, as Defendant conducts business in this district.

5. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

6. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein Defendant was the principal, agent (actual or ostensible) or employee and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which Defendant is liable to Plaintiff or the relief prayed for herein.

## PARTIES

7. Plaintiff Jason Scott Gens (hereinafter "Plaintiff"), is a natural person residing in the County of Nicollet, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a business organized under the laws of Delaware and has a principle place of business at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

9. Defendant is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL SUMMARY

10. Sometime before November 6, 2020, Plaintiff incurred a financial obligation ("the debt") with Synchrony Bank, N.A., a non-party in the instant case.

11. The debt was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically, the underlying debt was owed to the original creditor Synchrony Bank, for a consumer credit card used for the merchant named Sam's Club.

12. Sometime before November 6, 2020, Synchrony transferred the account to Defendant to collect.

13. On November 6, 2020, Plaintiff filed for Chapter 7 Bankruptcy in the District of Minnesota, Court File No. 20-32598. Plaintiff's debt with Defendant was included in the Bankruptcy. On or about November 6, 2020, Defendant was notified that Plaintiff's debt was included in the bankruptcy by the Bankruptcy Noticing Center.

14. On or about January 13, 2021, Plaintiff, through his Bankruptcy attorney, contacted Defendant by mail to inform it that Plaintiff had filed for Bankruptcy, including the Bankruptcy case number and a copy of the Court's Automatic Stay.

15. On February 2, 2021, Plaintiff's debt was discharged in Bankruptcy.

16. On February 6, 2021, Defendant was notified of the discharge of Plaintiff's Bankruptcy via electronic transmission from the Bankruptcy Noticing Center.

17. On or about February 12, 2021, despite notice of the bankruptcy discharge and in violation of the Discharge Order, Defendant sent Plaintiff a collection letter stating that his balance was $911.73.

18. Sometime before April 12, 2021, Defendant hired Rodenburg LLP d/b/a Rodenburg Law Firm, ("Rodenburg") to assist in its debt collection efforts,

19. On or about April 12, 2021, Defendant caused its agent Rodenburg to send Plaintiff a collection letter, stating that Plaintiff owed a balance of $911.73.

20. On or about May 25, 2021, despite notice of the bankruptcy discharge and in violation of the Discharge Order, Defendant sent Plaintiff a collection letter stating that his balance for the billing period ending May 24, 2022 was $911.73.

21. On or about April 13, 2022, despite notice of the bankruptcy discharge and in violation of the Discharge Order, Defendant sent Plaintiff a collection letter stating that Plaintiff still owed the debt.

22. Defendant's actions following February 2, 2021 were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge and that the Discharge Provisions were in effect.

23. Defendant has willfully violated the discharge in bankruptcy.

24. Defendant infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

25. By sending the April 13, 2022 letter to Plaintiff, claiming he still owed a debt despite notice of the discharge, Defendant provided a false, deceptive, or

misleading representation or means in connection with debt collection, in violation of 15 U.S.C. § 1692e.

26. By sending the April 13, 2022 letter to Plaintiff, claiming he still owed a debt despite notice of the discharge, Defendant misrepresented the character, amount, or legal status of the debt in violation 15 U.S.C. § 1692e(2).

27. By sending the April 13, 2022 letter to Plaintiff, claiming he still owed a debt despite notice of the discharge Defendant used a false representation or deceptive means to collect a debt or obtain information about a consumer in violation of 15 U.S.C. § 1692e(10).

28. Defendant's actions have caused Plaintiff to suffer emotional distress and actual damages. Because of Defendant's unlawful collection campaign, Plaintiff has suffered emotional distress and embarrassment, as well as sleeplessness, restlessness, depression, physical symptoms, and a negative impact on Plaintiff's job and relationship. Defendant's actions also created confusion over whether the debt was still owed.

## RESPONDEAT SUPERIOR LIABILITY

29. The acts and omissions of the debt collectors who were employed as agents by Defendant were committed within the time and space limits of their agency relationship with their principal, Defendant.

30. The acts and omissions these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

31. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant.

32. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## STANDING

33. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

    *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

34. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

### The "Injury in Fact" Prong

35. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

36. For an injury to be "concrete" it must be a *de facto* injury, meaning that it

6

actually exists. In the present case, Defendant engaged in violative conduct under the FDCPA and Bankruptcy Code. Defendant's actions caused the Plaintiff to suffer emotional distress.

37. For an inury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Defendant caused Plaintiff to suffer emotional distress, including sleeplessness, restlessness, depression, digestive disorders, anger, and frustration. Defendant's actions also created confusion over whether the debt was still owed.

### The "Traceable to the Conduct of Defendant" Prong

38. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

39. In the instant case, this prong is met by the fact that the violative conduct contemplated in this Complaint was intentionally initiated by Defendant directly.

### The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

40. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

41. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and

specifically redress the financial damages suffered by Plaintiff.

42. Furthermore, the award of monetary damages redresses the injuries of the past and prevent further injury by Defendant in the future.

43. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

47. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

## BANKRUPTCY DISCHARGE VIOLATION
## 11 U.S.C. § 524

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Section 524(a)(2) of the Bankruptcy Code provides that Plaintiff's bankruptcy discharge operates as an injunction against "the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not the discharge of such debt is waived."

50. Defendant's actions violated the automatic discharge. Specifically, Defendant sent a long series of deceptive letters to Plaintiff in order to collect on the debt. Defendant is in violation of the Bankruptcy Discharge Order.

51. Defendant's actions were willful and in full knowledge and awareness of Plaintiff's bankruptcy discharge.

52. The knowing, conscious, deliberate, and willful violations of the automatic discharge by Defendant are in contempt of the bankruptcy court and are punishable under Section 105(a) of the Bankruptcy Code.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

- Finding Defendant in contempt of court for having knowingly, willfully, and deliberately violated 11 U.S.C. § 524(a)(2);
- Ordering Defendant to cease its collection efforts against Plaintiff;
- Awarding to Plaintiff compensatory damages and attorney's fees against Defendant for contempt of court and pursuant to 11 U.S.C. § 105(a);
- Awarding Plaintiff actual and statutory damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- Awarding Plaintiff reasonable attorney's fees and costs against Defendant pursuant to 15 U.S.C. § 1692k; and
- Ordering such other and further relief as may be just and proper.

Respectfully submitted,

Dated: 12/1/2022                  .                    By: s/ Mark L. Vavreck                  .
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220
Email: mvavreck@cgmvlaw.com

ATTORNEY FOR PLAINTIFF

## DECLARATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Jason Scott Gens, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to the Defendant named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: __12/01/2022__              _____
                                                      Jason Scott Gens